UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FISHERMEN'S FINEST, INC., NORTH PACIFIC FISHING, INC., and U.S. FISHING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE HONORABLE CARLOS M. GUTIERREZ, Secretary of the United States Department of Commerce,<br><br>Defendant. | Case No. C07-1574MJP<br><br>ORDER REGARDING <u>IN CAMERA</u> REVIEW |

On July 15, 2008, the Court granted in part Plaintiff's motion to compel the inclusion in the administrative record of selected documents that the National Marine Fisheries Service ("NMFS") had withheld on the basis of a claim of deliberative process privilege. (Dkt. No. 49.) The Court ordered production of twenty-eight of the documents and ordered an <u>in camera</u> review of the remaining five documents. (<u>Id.</u>) NMFS has produced the five documents for <u>in camera</u> review. Having reviewed those documents in light of the Court's previous order, the Court ORDERS as follows:

(1) Defendant must produce Document No. 233. This document is neither pre-decisional nor does it implicate any policy-oriented judgment on the part of the agency, and therefore is not protected by the deliberative process privilege.

(2) Document No. 282 is protected by the deliberative process privilege and need not be produced to Plaintiff. This document is pre-decisional to potential management options for

ORDER — 1

Pacific cod bycatch issues and reflects policy-oriented judgment of the agency.

(3) Defendant must produce Document No. 339. This document is neither pre-decisional nor does it implicate any policy-oriented judgment on the part of the agency, and therefore is not protected by the deliberative process privilege.

(4) Defendant must produce Document No. 380. This document discusses how to translate Council policy into regulatory language and is not privileged.

(5) Document No. 433 is protected by the deliberative process privilege and need not be produced to Plaintiff. This e-mail exchange among agency staff discusses potential policy decision proposals to deal with an inconsistency in calculating sideboards under Amendment 80 and 85.

(6) Plaintiff's need for the materials and the need for accurate fact-finding does not override the Government's interest in non-disclosure. See FTC v. Warner Commc'ns, 742 F.2d 1156, 1161 (9th Cir. 1984). It does not appear that either of the privileged documents is highly relevant and disclosure would hinder "frank and independent discussion regarding contemplated policies and decisions." See id.

(7) Defendant must produce the three non-privileged documents to Plaintiff within seven (7) calendar days of this order. Defendant must also update the Court's copy of the administrative record with these documents.

The clerk is directed to send copies of this order to all counsel of record.

Filed this 27th day of August, 2008.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER — 2